**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONVIE SADAN EDDINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-247 RWS |
| | ) | |
| WARDEN, USP HAZELTON,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Donvie Eddington's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. For the reasons discussed below, the Court will transfer this matter to the United States District Court for the Northern District of West Virginia, Clarksburg Division.

**Background**

Petitioner is a self-represented litigant who is currently incarcerated at the United States Penitentiary - Hazelton, in Bruceton Mills, West Virginia. On June 23, 2017, pursuant to a written plea agreement, he pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). *United States v. Eddington,* No. 4:16-cr-RWS (E.D. Mo.). On October 25, 2017, the Court sentenced him to a total term of 30 months' imprisonment, and

---

[1] Petitioner names the United States of America as the respondent in this action. However, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the proper respondent for a prisoner currently in custody pursuant to a state court judgment is the officer having custody of the applicant. Rule 2 applies to habeas petitions arising under 28 U.S.C. § 2241 as well. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). The proper respondent is the Warden at the United States Penitentiary - Hazelton in Bruceton Mills, West Virginia. The Court has been unable to ascertain the Warden's name, so it will refer to respondent as "Warden, USP Hazelton."

three years' supervised release. Neither a direct appeal, nor any other petition or application for post-conviction relief was filed.

Petitioner was arrested on January 7, 2021, regarding a supervised release violator's warrant. On that same day, Petitioner appeared for an initial appearance, preliminary supervised release revocation hearing and detention hearing. He waived his right to a preliminary supervised release revocation hearing and detention hearing and was ordered detained. A final supervised release revocation hearing was held on February 2, 2021. Petitioner admitted to violating the terms of his supervised release, namely, to using a controlled substance, and he was sentenced to a total term of 12 months' imprisonment, and 24 months' supervised release.

From review of Pacer.gov, it appears that Petitioner pled guilty in the United States District Court for the Southern District of Illinois, on April 14, 2021, to being a felon in possession of a firearm. On August 11, 2021, he was sentenced to 83 months in prison. *See U.S. v. Eddington*, No. 3:21-cr-30006 DWD (S.D. Ill. 2021). Petitioner failed to file a direct appeal of his conviction or sentence, however, on August 29, 2022, he filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See Eddington v. United States*, No. 3:22-cv-02001 DWD (S.D. Ill. 2022). The motion to vacate was denied on July 7, 2025. *Id.* Petitioner did not seek a certificate of appealability or otherwise seek to appeal.

The Court received the instant petition on February 17, 2026. [ECF No. 1].

### The Petition

The petition is handwritten. [ECF No. 1]. In it, Petitioner notes that he is challenging the way his supervised release revocation sentence from February of 2021 is being carried out. Specifically, he objects to the way his good time credits are being calculated relative to both his sentence in the Eastern District of Missouri and his sentence in the Southern District of Illinois.

2

And Petitioner alleges that he does not believe that the time he was sentenced in the Eastern District of Missouri is being concurrently served with the time he was sentenced in the Southern District of Illinois. Petitioner, however, does not indicate whether he has exhausted his administrative remedies with the Bureau of Prisons (BOP) before filing this action. The Court interprets the instant action as one brought pursuant to 28 U.S.C. § 2241.

**Discussion**

The BOP, not a federal district court, is the entity that determines when a federal sentence commences and whether or not a prisoner should receive credit for time spent in custody. *See United States v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir. 1996); and *United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Before a prisoner can bring a habeas action challenging the BOP's execution of his or her sentence, he or she must first present the claim to the BOP. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Once a prisoner has exhausted his or her administrative remedies, he or she may seek judicial review by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

In this case, Petitioner alleges a miscalculation of the credit he has earned from his time spent in custody. As such, the matter appears to be properly brought under 28 U.S.C. § 2241. *See United States v. Knight*, 638 F.2d 46, 47 (8th Cir. 1981) (stating that "an attack on the manner in which a sentence is executed, as distinguished from its legality, may be cognizable in a habeas corpus petition under 28 U.S.C. [§] 2241")

Jurisdiction under 28 U.S.C. § 2241, however, lies "only in the district of actual physical confinement," as well as "the district where a custodian responsible for the confinement is present." *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976). *See also Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence

3

through § 2241 in the district where he is incarcerated"); *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995) (explaining that district court lacked subject matter jurisdiction to hear petitioner's § 2241 petition because petitioner "was not incarcerated in the Eastern District of Missouri"); and *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987) (explaining that district court lacked jurisdiction because § 2241 "petition must be filed in the judicial district within which either the [United States Parole Commission] or the prisoner's custodian is located"). In other words, Petitioner may file a "28 U.S.C. § 2241 petition in either the district where he is confined," in the United States District Court for the Northern District of West Virginia, or in any district in which the Bureau of Prisons maintains a regional office. *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000).

For jurisdictional purposes, Petitioner is not incarcerated in the Eastern District of Missouri. Rather, he is an inmate at the United States Penitentiary - Hazelton, in Bruceton Mills, West Virginia. *See* 28 U.S.C. § 129(a) (providing that Preston County, in which USP Hazelton is located, is encompassed by the Clarksburg Division of the Northern District of West Virginia). Moreover, the BOP "does not maintain a regional office in the Eastern District of Missouri." *See Chappel*, 208 F.3d at 1069 n.1. Therefore, jurisdiction is proper in the United States District Court for the Northern District of West Virginia, where Petitioner's custodian is located.

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which such action could have been brought. Upon transfer under § 1631, the action proceeds as if it had been originally filed in the court to which it is transferred. Furthermore, 28 U.S.C. § 1404 provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28

4

U.S.C. § 1404(a). *See also McCoy*, 537 F.2d at 965 (explaining that 28 U.S.C. § 2241 petition could be transferred under § 1404(a), and "that the place of confinement is normally the forum most convenient to the parties"). Because Petitioner is a self-represented litigant, the Court finds that it is in the interest of justice to transfer this case to the United States District Court for the Northern District of West Virginia, where he is physically confined, and where his 28 U.S.C. § 2241 petition should have been filed. Petitioner's motion for appointment of counsel will be denied without prejudice at this time. Petitioner may renew his motion in the Northern District of West Virginia if he chooses to do so.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall change the respondent in this action to Warden, USP Hazelton.

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel [ECF No. 2] is denied without prejudice at this time. Petitioner may renew his motion in the United States District Court for the Northern District of West Virginia.

**IT IS FURTHER ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Northern District of West Virginia. *See* 28 U.S.C. § 1631.

Dated this 6th day of March, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE